IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LEIGH RILEY, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 23-1262 |
| v. | ) | Judge Cathy Bissoon |
| | ) | |
| CMMI INSTITUTE LLC *et al*., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

### I.  MEMORANDUM

Defendants' Motion to Dismiss (**Doc. 22**) filed by CMMI Institute LLC and Information Systems Audit and Control Association, Inc. (collectively, "CMMI"), will be denied in part and granted in part.  Plaintiff Leigh Riley's Motion for Summary Judgment will be denied as premature (**Doc. 30**).

Dr. Riley's claim(s) in Case No. 23-1262 qualify as compulsory counterclaims to CMMI's pending action filed at Case No. 22-1214.  *See* FED. R. CIV. P. 13(a)(1).[1]  As CMMI highlights, CMMI Brief (Doc. 23) at 2–3, a logical relationship exists between the parties' competing claims related to the Riley Agreement and whether it was properly terminated, *compare* Case No. 22-1214 Compl. (Doc. 1) *with* Case No. 23-1262 Compl. (Doc. 1). Dr. Riley's assertion that this action is distinct because it "does not entail the termination of [Dr. Riley's] personal certifications and rights," Dr. Riley Resp. (Doc. 28) at 1, is belied by her concession that the "nature of the earlier-filed action and the outcomes stemming from it, including the [breach of contract] counterclaim filed by [Dr. Riley] are intricately linked to the

---

[1] As CMMI counsel highlights, Rule 13(a)(2) exceptions do not apply as Dr. Riley's breach of contract claim was not the subject of another action prior to the filing of Case No. 22-1214, and Dr. Riley consented to personal jurisdiction by agreement.  *See* CMMI Br. (Doc. 23) at n.1.

broader narrative of the contractual and legal relationships between the involved parties," *id*. at 6. Thus, the Court finds Dr. Riley's instant action is a compulsory counterclaim under Rule 13(a)(1), and CMMI's motion is granted to this extent. However, the Court will stay this case (No. 23-1262) rather than dismiss Dr. Riley's claim(s) as CMMI has failed to carry its burden for dismissal. *See* Ragner Tech. Corp. v. Berardi, 2018 WL 6804486, at *7–8 (D.N.J. Dec. 27, 2018). Thus, CMMI's motion is denied in this regard.

Further, the Court finds consolidation would be in the best interest of the parties and judicial administration. In Case No. 22-1214, CMMI has filed a pending Motion to Dismiss, which is ripe for adjudication. CMMI also has declined to move to dismiss Dr. Riley's breach of contract counterclaim at this juncture, *see* CMMI Mot. Dismiss (Doc. 55) in 22-1214, n.1, which, in the Court's view, largely capture's the compulsory counterclaim asserted here.

Accordingly, Dr. Riley's Summary Judgment Motion (Doc. 30) is denied as premature given the pending motion to dismiss in the First Action, and the consolidation of the cases.

## II.  ORDER

Based on the foregoing, Defendants' Motion to Dismiss (**Doc. 22**) filed by CMMI Institute LLC and Information Systems Audit and Control Association, Inc. is **DENIED in part and GRANTED in part**, as follows. The two cases are consolidated under Lead Case No. 22-1214, until otherwise ordered. All pleadings, motions and other papers related to Case No. 23-1262 shall be filed at Lead Case No. 22-1214.[2]

---

[2] And because CMMI is not seeking to dismiss Dr. Riley's breach of contract counterclaim, *see* CMMI Mot. Dismiss (Doc. 55) in Case No. 22-1214, n.1, such pleadings, motions and other papers related to Case No. 23-1262 filed pursuant to this Order will not be considered for the disposition of CMMI's pending Motion to Dismiss (Doc. 47) at Lead Case No. 22-1214.

In the meantime, Civil Action No. 23-1262 will be **STAYED** and **STATISTICALLY CLOSED**. Statistical closure is a non-substantive docket control mechanism, and it does not prejudice the rights of the parties in any way.

It is FURTHER ORDERED Dr. Riley's Summary Judgment Motion (Doc. 30) is **DENIED** as premature.

Otherwise, adjudication of the claim(s) in Case No. 23-1262 will be held in abeyance, pending resolution of the Motion to Dismiss in Case No. 22-1214.

**IT IS SO ORDERED**.

June 18, 2024                                                  s/Cathy Bissoon
                                                               Cathy Bissoon
cc (via ECF email notification):                               United States District Judge
Counsel of record & Dr. Leigh Riley